UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

SANDRA JEAN VALENCIA,

       Petitioner,

v.                                 **MEMORANDUM OF LAW & ORDER**
                                   Criminal File No. 03-288 (MJD/JGL)
                                   Civil File No. 05-968 (MJD/JGL)

UNITED STATES OF AMERICA,

       Defendant.

_____

Sandra Jean Valencia, pro se, Victorville Federal Camp, Victorville, CA.

Michael L. Cheever, Assistant United States Attorney, Counsel for Respondent.

_____

## I.   INTRODUCTION

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 70]. For the reasons set forth below, the Court denies Petitioner's motion.

## II.   FACTUAL BACKGROUND

On January 27, 2004, Petitioner entered a guilty plea to all Counts of the Indictment, namely, Mail Fraud in violation of 18 U.S.C. § 1341 (counts 1-6); Wire Fraud in violation of 18 U.S.C. §1343 (counts 7-11); and Tax Evasion in violation of 26 U.S.C. §7201 (counts 12-15). No written plea agreement was entered into.

As to each count, the statutes under which the Petitioner pled guilty set a maximum period of imprisonment of 5 years.  The imprisonment range under the then-mandatory guidelines scheme was 33 to 41 months.

At a hearing on June 2, 2004, this Court sentenced Petitioner to a term of thirty-three (33) months imprisonment and three (3) years supervised release, with a mandatory restitution order of $605,232.06, among other terms.  Petitioner did not appeal this sentence.

Petitioner filed this petition under 28 U.S.C. § 2255, asserting the following grounds: (1) ineffective assistance of counsel; (2) alleged violation of Sixth Amendment rights, citing to *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and, (3) incorrect computation of tax liabilities under 26 U.S.C. § 7201.

### III.  DISCUSSION

####   A.  Standard For Section 2255 Petition.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To obtain relief under section 2255 for a constitutional issue that was not raised on direct appeal, Petitioner must demonstrate cause for the failure to appeal the issue directly and actual prejudice from the errors alleged.  *Reid v. United States*, 976 F.2d 446, 448

(8th Cir. 1992).

    **B.**    **The Ineffective Assistance of Counsel Claim.**

To prevail on a claim for ineffective assistance of counsel, a Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" i.e., that counsel made errors so serious that counsel was not functioning as the counsel guaranteed under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066 (1984). Second, Petitioner must show prejudice, namely, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Under *Strickland*, the Court must indulge a strong presumption that counsel's representation was competent. *Id.* at 689, 104 S.Ct. at 2065.

With respect to her counsel's preparation before trial, Valencia alleges that she was unable to contact her attorney until October, 2003, because he did not return phone calls as promised. In addition, she alleges that he repeatedly sent important documents to the wrong address, and made no effort to prepare any kind of defense, such as securing expert witnesses to disprove forgery allegations, preparing a witness list, or securing personal records to use in her defense. Valencia does not explain, however, the prejudice, if any, caused by these alleged errors. With respect to communications with her counsel, for example, Valencia

does not identify how the lapse in communication between her arraignment on September 11, 2003 and contact in mid-October impeded the defense of her case. She also does not identify what documents, if any, she did not receive because they were sent to the wrong address; or, how the outcome of the proceedings would have been different if she would have received those documents earlier.

Finally, while Valencia complains that no effort was made to prepare any kind of defense, she does not identify what defense theories could have been but were not asserted. She refers generally to using an expert witness to disprove forgery allegations, but as the government points out, the forgery allegation related to only a relatively small portion of the over $500,000 in embezzled funds. Again, however, Valencia does not explain how the outcome of the proceedings, would have been different given that the bulk of the embezzlement conduct would have still been at issue.

Valencia also claims that her defense counsel advised her, two days before trial, to plead guilty and hope for mercy from the Court.  She does not, however, contend that she pled guilty without understanding or knowing the nature of the Government's case against her, or the risks she might face if she proceeded to trial.  In fact, the Government was ordered to make all disclosures required by Fed. R. Crim. P. 16 by September 16, 2003, approximately 3 months before Valencia entered her guilty plea.  Order of September 11, 2003 [Docket No. 6].

Valencia also lists her attorney's statements regarding his payment for work on her case, and statements allegedly made after sentencing, as support for her ineffective assistance claim.  In neither instance, however, has Valencia explained how the proceedings would have been different if her attorney had refrained from making these statements.  The Court can assume, of course, that statements of the type that Valencia lists are not those made by reasonably competent counsel.  But even with that assumption, and even assuming the statements were made, Valencia does not explain how the outcome – her guilty plea and the sentence imposed – would have been different.

Valencia complains that her counsel did not do enough to assist with the psychiatric evaluation that defense counsel sought and the Court ordered.  She alleges that defense counsel did not tell the Court that Pretrial Services refused to comply with the Order for an evaluation.  This evaluation was ordered after Valencia entered her guilty plea, and the Presentence Investigation indicates that it was completed.  The Court is not aware of any other facts that would indicate that Pretrial Services did not comply with the Court's Order.  However, even if Valencia's complaint is that the evaluation was not completed or was not completed in a particular manner, she does not explain how a different post-plea evaluation would have changed the outcome of the proceedings.

Valencia states that her attorney did not contact the Internal Revenue

Service to ensure that her tax liability was correct and based on Nevada community property laws. In connection with her third challenge to her sentence, Valencia alleges that a correct calculation of tax liability would have resulted in a 50% reduction in tax liability, which in turn would have resulted in a reduction in the guidelines calculation. However, the guidelines calculation followed §3D1.2 (c), in grouping together all of the counts. Then, under §3D1.3(a), the offense level for the group of counts is the highest offense level produced by any one of the counts in the group. Using this system, the highest offense level (22, before other adjustments) resulted from the mail and wire fraud counts, not the tax liability counts. Thus, even if Valencia is correct in her assessment of the proper tax calculation, the offense level for purposes of sentencing would not have changed.

Last, Valencia complains that her counsel failed to read at sentencing a statement she prepared. She does not contend, however, that she was prevented from reading the statement. Nor does she explain how the statement might have affected her sentence.

Because Valencia has not demonstrated ineffective assistance of counsel with respect to any of the listed items in her Petition, the Court finds that Valencia is not entitled to relief under Section 2255.

### C. Whether Petitioner's Second and Third Claims are Waived Based on the Failure to Assert them on Direct Appeal.

Valencia's second claim challenges the application of sentencing enhancements under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).[1] In her third claim, Valencia challenges the Court's calculation of tax loss for purposes of the Sentencing Guidelines. In response to both of these challenges, the Government argues that the claims are barred because Petitioner failed to raise them on direct appeal.

It is well settled that a Motion under Section 2255 is not a substitute for direct appeal, nor the proper means to complain about simple errors. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a Section 2255 motion if the issue could have been raised on direct appeal but was not."). Thus, claims that could have been but were not asserted on direct appeal cannot be asserted for the first time in a Section 2255 Petition absent a showing of cause and actual prejudice, or a showing of actual innocence. *United States v. Lefkowitz*, 289 F. Supp.2d 1076, 1081 (D. Minn. 2003)(citing *United States v. Frady*, 456 U.S. 153, 1167-68, 102 S.

---

[1] The Government, in response, suggests that Petitioner's claim reads more as a challenge under the Supreme Court's *Booker* and *Blakely* decisions, rather than a challenge under *Apprendi*. Regardless of how construed, however, as pointed out below, the Court finds that this claim is procedurally defaulted because it could have been but was not raised on direct appeal.

Ct. 1584 (1982); *Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998)).

Valencia did not raise either of these claims on direct appeal. Nor does she explain in her Petition any reasons for this failure. She cannot, on the bare allegations of this Petition, satisfy the "cause and prejudice" standard required to avoid the procedural default rule. Moreover, even if the Court were to consider these claims, Valencia's Petition would fail.

The second claim fails because *Apprendi* is inapplicable as a legal and as a factual matter. As a legal matter, the Eighth Circuit has held that *Apprendi* challenges are not available on collateral review. *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), *cert. denied*, 534 U.S. 1097, 122 S. Ct. 848 (2002). Factually, *Apprendi* applies only if the challenged facts are used to sentence the defendant beyond the statutory maximum. 530 U.S. at 490, 120 S.Ct. at 2362-63. Here, Valencia was sentenced below the statutory maximum. *See Lefkowitz*, 289 F. Supp.2d at 1085 (rejecting Section 2255 challenge based on *Apprendi* where defendant sentenced below statutory maximum). Similarly, for the reasons explained above in connection with the ineffective assistance of counsel claim, Valencia's challenge to computation of her tax liability fails, even absent the procedural default, because the sentencing calculations would not change even assuming errors were made in that calculation.

## IV.   CONCLUSION

Because there is no basis for the ineffective assistance of counsel claim, and because she procedurally defaulted on the two other claims, Valencia's Petition must be denied.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 70] is **DENIED**.


Dated:   June 23, 2005                                s/ Michael J. Davis
                                                     Judge Michael J. Davis
                                                     United States District Court